John E. Waites, US Bankruptcy Judge
This matter comes before the Court on the Motion to Modify Stay ("Motion") filed by Olivia Austin and Michelle Dinatale, as Co-Executors for the Estate of Albert Robert Scansaroli ("Movants"). Helen Marie Rizzo ("Debtor") objects to the Motion. This Court has jurisdiction pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (G). Pursuant to Fed. R. Civ. P. 52, which is made applicable to this proceeding by Fed. R. Bankr. P. 7052 and 9014, the Court makes the following findings of fact and conclusions of law:[1]
FINDINGS OF FACT
1. On July 18, 2018, Olivia Austin, as General Guardian for Albert Robert Scansaroli ("Scansaroli"), an incapacitated person, commenced an action against Helen Rizzo ("Debtor") in the Beaufort County Court of Common Pleas ("State Court") to recover funds in the amount of $250,000 ("Disputed Funds") that Debtor withdrew from a joint bank account held in Debtor's and Scansaroli's names, as well as other personal property belonging to Scansaroli that is alleged to be in Debtor's possession. The complaint asserts the following causes of action: 1) Declaratory Judgment, 2) Conversion, 3) Constructive Trust, 4) Temporary Restraining Order/Preliminary and Permanent Injunction, and 5) Recovery of Attorney's Fees and Costs.
2. On December 17, 2018, the State Court entered an order ("State Court Order") granting a preliminary injunction against Debtor, prohibiting her and her *552 officers, agents, employees, attorneys and all those in active concert or participation with her from using, spending, transferring, disbursing, diverting, encumbering, collateralizing, pledging, releasing, and/or otherwise disposing of any funds taken from the joint account, including using those funds for the payment of Debtor's attorney's fees, costs, and litigation expenses. As a result of that order, Debtor placed $136,644.36 into an escrow trust account of Debtor's attorney in the State Court action.
3. In December of 2018, Scansaroli passed away, and Movants were appointed co-executors of his probate estate by a probate court in North Carolina.
4. On January 8, 2019, Movants filed a motion to compel Debtor to respond to discovery requests. Thereafter, Debtor's state court attorney moved to be relieved as counsel.
5. On March 5, 2019, the state court parties filed a Proposed Consent Order relieving Debtor's attorney as counsel. On that same day, Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code, schedules, statements, and chapter 13 plan. Debtor's schedules list as an asset "Funds held in an attorney's Olivetti, McCray and Withrow, LLC trust account" in the amount of $136,572.52. The only secured creditor listed in Debtor's schedules is Digital Federal CU, which holds a secured claim in the amount of $117,070.47 secured by a mortgage on Debtor's real property, which is valued at $380,000. Debtor listed the pending state court action in her Statement of Financial Affairs.
6. Debtor's chapter 13 plan proposes to maintain the current payments to Digital Federal CU and does not provide for payment of any arrearage since Debtor is not in default. Her plan further provides for 100% payment of the unsecured claims listed in her schedules, which includes an $8,200 debt owed to her former state court attorney for attorney's fees and a $602.32 credit card debt. No payments are proposed to be made to Movants.
7. On April 19, 2019, Movants filed a proof of claim asserting a secured interest in the amount of $136,644.36 pursuant to the injunctive relief granted by the state court order, and an unsecured interest in the amount of $113,355.63, based upon other amounts alleged to have been converted or taken. They also objected to confirmation of Debtor's plan due to the alleged mischaracterization of Debtor's interest in the escrow account funds, the omission of Movants as creditors and omission of the claim, and the Debtor's lack of good faith in filing the plan.
8. On May 13, 2019, Movants filed the Motion, seeking relief from stay pursuant to 11 U.S.C. § 362(d)(1) so that the parties may continue the proceedings in state court and obtain a final adjudication declaring the rights and interests of the parties in the Disputed Funds. Alternatively, Movants seek abstention under 11 U.S.C. § 1334(c)(1)-(2) and suspension of Debtor's case under 11 U.S.C. § 305(a)(1).
9. On May 14, 2019, Debtor filed an Objection to Claim of Movants, asserting that she does not owe any money to Movants and that the funds being held in her attorney's trust account are hers and therefore property of the estate. Movants filed a timely response to Debtor's objection to their claim.
10. On June 24, 2019, Movants commenced an adversary proceeding against Debtor by filing a complaint seeking non-dischargeability of their claim pursuant to 11 U.S.C. § 523 and to deny Debtor's discharge as to such claim for reasons of (1) fraud by fiduciary, embezzlement, larceny, (2) false pretenses, false representations, *553 and actual fraud, and (3) willful and malicious injury.
11. On July 9, 2019, the parties filed a Joint Statement of Dispute relating to the Motion. The Joint Statement of Dispute, which is signed by counsel for both Movants and Debtor, provides that the parties submitting this Joint Statement of Dispute consent to this Court entering final orders or judgments in this proceeding.
CONCLUSIONS OF LAW
Section 362 of the Bankruptcy Code provides for an automatic stay, applicable to all entities, of various actions against a bankrupt debtor, including actions to obtain possession of property of the estate, actions to create, perfect or enforce liens against property of the estate, and actions to collect or recover a claim against the debtor. 11 U.S.C. § 362(a). Movants seek relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to complete the State Court litigation and obtain a determination regarding the parties' respective rights to the disputed funds. Section 362(d)(1) provides that, on request of a party in interest and after notice and a hearing, the Court shall grant relief from stay for cause, including the lack of adequate protection of an interest in property of such party in interest. "[A] bankruptcy judge has 'broad discretion to determine what constitutes 'cause' sufficient to warrant relief from stay.' " In re Lee, 428 B.R. 667 (Bankr. D.S.C. 2009) (quoting In re Breibart, C/A No. 03-07440-W, 325 B.R. 724 (Bankr. D.S.C. Feb. 17, 2004) ). In making the determination of whether cause exists to grant stay relief to allow the litigation of an issue in the state court, the Court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied. Robbins v. Robbins, 964 F.2d 342, 345 (4th Cir. 1992). The following factors should be examined to apply this balancing test:
(1) Whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because the matter would have to be litigated in the bankruptcy court; and (3) whether the estate can be protected properly by a requirement that the creditor seek enforcement of any judgment through the bankruptcy court.
Id. ; see also In re Lee, 428 B.R. at 670 (citing cases).
Movants assert that cause exists for granting relief from stay because the State Court is already familiar with the issues that remain to be decided, all of which are non-bankruptcy state law causes of action; therefore, allowing the State Court litigation to be completed in that forum would be in the best interests of the parties and the estate. They further argue relief is warranted because Debtor has failed to include Movants as either a secured or unsecured creditor, made no provision for treatment of the funds held in the escrow account and has not proposed to treat Movants' claim in any fashion. Movants argue that they are suffering irreparable harm and injury as a result of Debtor's failure to include treatment of Movants as a creditor of the estate and provide for payment of their claim. Alternatively, Movants assert that the facts warrant discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1)-(2) because the state court action has already been commenced and the appropriate disposition of the claim can be timely adjudicated if the stay is modified *554 to permit the resumption of the proceedings.
In response, Debtor asserts Movants do not have a claim against Debtor and the disputed funds belong to Debtor. Debtor argues that the Court's authority to determine claims includes the full power to inquire into the validity of any alleged debt or obligation of the bankruptcy upon which a demand or claim against the estate is based. At the hearing, Debtor additionally argued that the bankruptcy court is the most efficient forum to determine the validity of Movant's claim and that granting relief from stay for the state court to determine the matter would cause significant delay and expense to Debtor since she would have to hire separate state court counsel to litigate the matter.
Applying the factors set forth above to the circumstances in this case, the Court finds that cause exists pursuant to 11 U.S.C. § 362(d)(1) to grant limited relief from stay.[2] It appears that the claims currently pending between the parties predominately involve issues of state law as they are centered around the determination of the ownership of funds withdrawn from a joint account, and the resolution this issue will determine whether Movants have a claim against Debtor. In re Johnson , 960 F.2d 396, 404 (4th Cir. 1992) (stating that the existence of a claim is controlled by state law, while the allowance or disallowance of a claim is a matter of federal law left to the bankruptcy court's exercise of its equitable powers). It further appears that the lifting of the automatic stay would promote judicial economy because the case has been pending for nearly a year in State Court and discovery is underway. Additionally, Movants argue that the case has sufficiently progressed in State Court to allow the completion of the matter within a relatively short period of time. A timely resolution of the issue of ownership of the funds by the State Court would avoid the unnecessary duplication of efforts and judicial resources in this Court. Moreover, Debtor's plan does not depend upon the use of the disputed funds for its feasibility, and the estate can be protected by a requirement that Movants seek enforcement of any judgment through the bankruptcy court. Under the facts of this case, any prejudice to Debtor of granting relief from stay to resume the proceedings in State Court does not appear to outweigh the prejudice to Movants of starting over in this Court to address the same core issue-the ownership of the funds. This controversy clearly has to be resolved in one court or the other. Selecting the forum that has the most familiarity with the case does not appear to prejudice either party. If Debtor is successful in the State Court action, she will have grounds to disallow Movants' claim in this case and will have additional funds that are readily available to pay her creditors and complete her bankruptcy case.
Based on the foregoing, the Court grants relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) subject to the following conditions:
(a) Relief from stay is granted to allow the state court to conduct a bench trial within a six-month period from the date of this order to determine the rights of the parties to the disputed funds and entitlement to any related damages, including attorney's fees. In the event the matter is not completed by the State Court *555 within the six-month period, Movants shall be required to file an additional motion with this Court seeking further relief from stay.
(b) Movants have waived their right to a jury trial by filing a proof of claim, actively participating in the bankruptcy process, and consenting to the jurisdiction and authority of this Court. See In re Devey , 590 B.R. 706, 718 (Bankr. D.S.C. 2018).
(c) In the event an order or judgment is entered against Debtor, the automatic stay shall apply to bar recording of any judgment lien on property of Debtor and Movants must seek enforcement of such judgment through the bankruptcy court.
(d) This Court retains jurisdiction to determine the allowance or disallowance of Movants' claim pursuant to 11 U.S.C. § 502 following the resolution of the matter in State Court. Movants, through bankruptcy counsel, are ordered to advise the Chapter 13 Trustee and this Court of the determination of these issues by the State Court in a timely manner.
(e) Since the outcome of the pending Objection to Claim and Adversary Proceeding depends upon the determination of the threshold issue regarding ownership and rights to the disputed funds by the State Court, such matters shall be stayed until the entry of a final order or judgment by the State Court or until January 27, 2020, whichever occurs first.
AND IT IS SO ORDERED.

To the extent any of the following findings of fact constitute conclusion of law, they are adopted as such, and vice versa.

Because the Court finds that relief is appropriate under 11 U.S.C. § 362(d)(1), the Court need not address Movants' alternative requests for abstention pursuant to 28 U.S.C. § 1334(c)(1)-(2) and suspension of the bankruptcy proceedings under 11 U.S.C. § 305(a)(1) at this time.